UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

vs.                                                                                    Case No. 10-14091

MARVIN I. HOROWITZ,                                           HON. AVERN COHN

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 6)

I.

This is a student loan case. In 1997, defendant borrowed $8,400.00 from the United States Department of Education for an educational loan. Defendant signed a promissory note, in which he agreed to repay the loan. In 2009, defendant defaulted. Plaintiff has sued defendant[1] for repayment. Before the Court is plaintiff's motion for summary judgment, seeking entry of a judgment in the amount of loan plus interest. For the reasons that follow, the motion will be granted.

II.

Defendant has not responded to plaintiff's motion.[2] That fact alone does not warrant summary judgment in plaintiff's favor. As the Court of Appeals for the Sixth Circuit has explained:

---

[1] Defendant is proceeding pro se.

[2] Plaintiff filed its motion on March 21, 2011. Under the local rules, plaintiffs' response was due within 21 days after service, on or about April 14, 2011. See E.D. Mich. LR 7.1(e)(1)(B). On April 25, 2011, the Court issued an order requiring a response on or before May 16, 2011. Doc. 7. To date, no response has been filed. In light of defendant's failure to respond, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

> [U]nder Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although subsequent Supreme Court cases have redefined the movant's initial burden, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. See Celotex, 477 U.S. at 325, 106 S.Ct. at 2553; Street v. J.C. Bradford, 886 F.2d 1472, 1479 (6th Cir.1989). More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. Adickes, 398 U.S. at 161, 90 S.Ct. at 1610; Kendall v. Hoover Co., 751 F.2d 171, 173–174 (6th Cir.1984); Felix v. Young, 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991); cf. Advisory Committee Note on 1963 Amendment to Subdivision (e) of Fed R. Civ. P. 56 (explaining that the amendment was not "designed to affect the ordinary standards applicable to the summary judgment motion," and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented").

Here, plaintiff has met its summary judgment burden. Attached to the motion are documents which evidence the loan, defendant's repayment obligation, and defendant's default and indebtedness. As further explained in plaintiff's papers, defendant has no valid defenses to plaintiff's claim. Accordingly, plaintiff's motion for summary judgment

is GRANTED.  Plaintiff shall submit a form of judgment in the amount of the loan, plus pre-judgment interest to date.

    SO ORDERED.

                                _____

                                S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2011

I hereby certify that a copy of the foregoing document was mailed to Marvin I. Horowitz 26677 W. 12 Mile Rd, Suite 118, Southfield, MI 48034 and the attorneys of record on this date, June 1, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160